## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Lisa Saxton, | ) | |
| Plaintiff, | ) | No. 19-cv-01544 |
| | ) | |
| v. | ) | |
| | ) | |
| Kirstjen M. Nielsen, as Secretary, U.S. | ) | |
| Department of Homeland Security, | ) | |
| Defendant. | ) | JURY DEMANDED |

## <u>COMPLAINT</u>

Now comes the Plaintiff, Lisa Saxton ("plaintiff" or "Saxton"), by her attorneys in this matter, and complaining of the Defendant, Kirstjen M. Nielsen, Secretary, Department of Homeland Security ("Defendant" "Agency" or "DHS"), states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1.      The present action alleges claims based on violations of Title VII of the Civil Rights Act of1964, as amended, 42 U.S.C. § 2000 *et seq*.

2.      This court has jurisdiction over the claims for relief alleged herein pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 2000e-14, 5 U.S.C. §552a(g)(1).

3.      Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this District. 42 U.S.C. §2000e-5(f)(3).

1

## PARTIES

4.      Lisa Saxton, is an African-American woman, over 40, with prior protected activity, who was at all relevant times, employed by the U.S. Department of Homeland Security, Federal Emergency Management Agency.

5.      Kirstjen M. Nielsen, Secretary, Department of Homeland Security, as such, is the proper party defendant herein since she was responsible for the administration and enforcement of all laws, rules and regulations relating to harassment, discrimination, and retaliation in and under the jurisdiction of the Agency.

## PRIOR ADMINISTRATIVE PROCEEDINGS

6.      Saxton exhausted all mandatory pre-complaint administrative procedures through the timely filing of complaints of harassment, discrimination, and retaliation.

7.      Saxton is filing this complaint within 90 days of her receipt of the Final Agency Decision on Case #HS-FEMA-25264-2016 and more than 180 days has passed since Saxton filed her formal complaint without the Agency issuing a Final Agency Decision ("FAD") on her additional complaints.

## FACTS COMMON TO ALL COUNTS

8.      At all relevant times Saxton was a Disaster Survivor Assistant for the Federal Emergency Management Agency, a federal agency that is part of the

Department of Homeland Security.

9.     At all relevant times, the DHS was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964.

10.     While employed with FEMA, Saxton was subjected to unwelcome and unwanted comments and touching of a sexual nature from her "crew leader," Dennis Smith ("Smith").

11.     After rejecting or otherwise failing to respond to the sexual overtures, Saxton's crew leader intentionally gave her dangerous job assignments.

12.     After Saxton complained to her "Team Leader" (Kevin McKinnon "McKinnon") about the retaliatory conduct by Smith, Saxton was switched to a different team and then sent home shortly thereafter, while Saxton's original team stayed.

13.     On or about October 24, 2015, Saxton initiated her first contact with an Equal Rights Office ("ERO") Counselor.

14.     On November 15, 2015, following her initial contact, Saxton filed a formal EEO complaint.

15.     Between November 15, 2015 and November 24, 2017, an investigation of Saxton's initial complaints were conducted.

16.     In May of 2016, one of Saxton's supervisors ("Shelia Kosier") touched her breasts.

17.     Saxton filed a complaint with the FEMA ERO based on that unwelcome

and unwanted contact of a perceived sexual nature.

18.    On September 22, 2016, a FEMA ERO officer contacted Saxton to ask if she was going to continue to pursue her complaints, to which Saxton answered in the affirmative.

19.    The very next day Saxton was given a notice of termination for "Failing to Follow Written Agency Policy" with respect to the receipt of two $59.00 per diems and because she made a stop on the way home to her residence after she was leaving her tour of duty.

20.    Saxton had no disciplinary history, and the issues were minor even if accurate, but the Agency terminated her anyway.

## COUNT I
### *(Retaliation)*

21.    Plaintiff re-alleges and re-asserts the preceding allegations as if fully set forth herein.

22.    Smith's conduct, namely sending Saxton to dangerous areas after she rejected his advances, could reasonably be construed as retaliation in response to Saxton's complaints about his behavior.

23.    McKinnon's conduct, namely sending Saxton home rather than taking corrective action in response to her complaints, could reasonably be construed as retaliation in response to Saxton's complaints about Smith's behavior.

24.    Saxton's termination could reasonably be construed as retaliation in

4

response to Saxton's complaints and participation in the EEO process.

25. The stated reasons for the defendant's conduct were not the true reasons, but instead were pretext to hide the defendant's retaliatory animus.

26. As a direct and proximate result of defendant's unlawful employment practices, namely retaliation for protected activity, Saxton has suffered the indignity of retaliation, the invasion of her right to be free from retaliation and great humiliation which is manifested in emotional distress at her mistreatment and financial loss.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost benefits and pay, compensatory damages, attorney's fees, pre and post-judgment interest, costs and such other relief as may be deemed available and just.


## Count II
### *(Sexual Discrimination / Harassment)*

27. Plaintiff re-alleges and re-asserts the preceding allegations as if fully set forth herein.

28. Smith's unwanted, unwelcome, conduct of a sexual nature was severe and altered the terms and conditions of Saxton's employment.

29. Kosier's unwanted, unwelcome, touching of Saxton's breasts was severe and altered the terms and conditions of Saxton's employment.

30. Males were not falsely accused of "Failing to Follow Written Agency Policy" and were therefore treated more favorably than Saxton because of their sex.

31. Males who were accused of "Failing to Follow Written Agency Policy" were not terminated and were therefore treated more favorably than Saxton because of their sex.

32. The stated reasons for the defendant's conduct were not the true reasons, but instead were pretext to hide the defendant's discriminatory animus.

33. As a direct and proximate result of defendant's unlawful employment practices, namely harassment and discrimination, Saxton has suffered the indignity of harassment and discrimination, the invasion of her right to be free from harassment and discrimination  and great humiliation which is manifested in emotional distress at her mistreatment and financial loss.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost benefits and pay, compensatory damages, attorney's fees, pre and post-judgment interest, costs and such other relief as may be deemed available and just.

## Count III
### *(Race Discrimination)*

34. Plaintiff re-alleges and re-asserts the preceding allegations as if fully set forth herein.

35. Non-African-Americans were not falsely accused of "Failing to Follow

6

Written Agency Policy" and were therefore treated more favorably than Saxton because of their race.

36.    Non-African-Americans who were accused of "Failing to Follow Written Agency Policy" were not terminated and were therefore treated more favorably than Saxton because of their race.

37.    The stated reasons for the defendant's conduct were not the true reasons, but instead were pretext to hide the defendant's discriminatory animus.

38.    As a direct and proximate result of defendant's unlawful employment practices, namely discrimination, Saxton has suffered the indignity of discrimination, the invasion of her right to be free from discrimination and great humiliation which is manifested in emotional distress at her mistreatment and financial loss.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendant and that Plaintiff be awarded relief including lost benefits and pay, compensatory damages, attorney's fees, pre and post-judgment interest, costs and such other relief as may be deemed available and just.

Respectfully submitted,

/s/ Justin G. Randolph
Attorney for Plaintiff

Justin G. Randolph
53 West Jackson
Blvd. Suite 1234
Chicago, IL 60604
Phone: (312) 663-1560 Fax: (312) 277-7432
Email: justin@jrandolphlaw.com